# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE PERRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-04-4287 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment. This Court will GRANT the motion for the reasons stated below.

Petitioner challenges convictions for unauthorized use of a motor vehicle, evading arrest, and burglary of a building under cause numbers 984153, 984154, and 984155, in the 185th District Court of Harris County, Texas. The state court accepted Petitioner's guilty pleas on May 6, 2004, and sentenced him to seven years imprisonment in each case, the sentences to run concurrently. Petitioner did not appeal his convictions. Petitioner filed state writ applications challenging his convictions on July 12, 2004. Petitioner filed this federal application on May 10, 2005.

1

Construing his pleadings liberally, Petitioner asserts as follows: The three offenses for which the state court convicted him are state jail felonies. The court enhanced the state-jail-felony punishment range for each of these offenses to a harsher two-to-twenty-year punishment range. The use of two prior convictions accomplished this punishment enhancement: a 1988 conviction for burglary of a building in cause number 486157, and a 1994 conviction for possession of a controlled substance in cause number 9419579.

Petitioner states "these enhancements should not have been used to enhance the original sentence because the enhancements w[ere] before the effective date [of] Jan. 1, 1996." Petitioner argues that his two prior convictions should not have been used to enhance his current sentences because these prior convictions arose before the Texas Legislature created the state jail felony offense and punishment scheme under which he was convicted.

Petitioner's *ex post facto* contention fails. A necessary part of his reasoning is that the manner in which prior convictions are used to enhance punishment must have been established before the offense underlying the prior convictions were committed. However, the Supreme Court has rejected this argument. Using an amended statute concerning the method a prior conviction is used to enhance the punishment in a current

2

conviction is not an improper retroactive application of that statutory change. *Gryger v. Burke*, 334 U.S. 728, 731-32 (1948). As the Court explained:

> "Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

*Id*.

The offenses underlying the challenged convictions were committed after the statutory modifications Petitioner cites. The statutory change he challenges exploits offenses he committed before the statutory change but it affects only his punishment for crimes committed after the Texas legislature enacted the statutes.

Petitioner cites *Scott v. State*, 55 S.W.3d 593 (Tex.Cr.App. 2001) in support of his claim. The Texas Court of Criminal Appeals found a violation of the *ex post facto* clause where a successfully completed or discharged deferred adjudication was used to enhance the punishment in a later conviction. *Id*., at 597. At the time of Scott's prior deferred adjudication, Texas law provided that a discharged deferred adjudication may not be deemed a conviction, except in specified conditions which did not apply to

Scott. The Legislature later changed Texas law to allow a discharged deferred adjudication to be used to enhance the sentence in a new conviction.

The Texas Court of Criminal Appeals held that Scott's increased punishment based on the retroactive application of the modified statute which changed the punishment for his current offense—by allowing enhanced punishment based on a discharged deferred adjudication—violated the *ex post facto* clause. The Court of Criminal Appeals distinguished Scott's case from other cases which found no *ex post facto* violation where the punishment was enhanced based on a statute enacted after the prior convictions occurred. The Court said:

> The distinguishing factor in this case is the existence in the prior statute of an explicit limitation on the collateral consequences of deferred adjudication. The resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause. But when a statute explicitly restricts the collateral consequences of an offense, the defendant is entitled to rely on that restriction.

*Id.*, at 597.

The *Scott* opinion does not help Petitioner for two reasons. First, it is materially distinguishable. More important, under the Supremacy Clause state court opinions do not control in this Court. U.S. CONST. art. VI, cl. 2.

4

Petitioner also argues that the language in the savings clause of one of the state jail felony statutes relevant to his convictions provides that the statute only applies to offenses committed after a certain date. Again, the offenses underlying his three challenged convictions, as opposed to the prior offenses, were committed *after* the savings clause date. *See Gryger*, U.S. at 731-32. Petitioner's argument is unavailing.

Respondent has shown the absence of a genuine issue of material fact on Petitioner's habeas corpus claims. Accordingly, it is ORDERED that Respondent's Motion for Summary Judgment [Docket Entry No. 6] is GRANTED. This action is DISMISSED with prejudice under Rule 56. All other pending motions and requests for relief are DENIED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 7th day of July, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge

Case 4:04-cv-04287   Document 9   Filed in TXSD on 07/07/05   Page 6 of 6